a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUNNAH MADDOX #21329-074,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00866<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| USA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Memorandum filed by *pro se* Petitioner Sunnah Maddox. ECF Nos. 8, 9. Maddox is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Maddox challenges the legality of his sentence.

Because the Court lacks jurisdiction over Maddox's claims, his Petition (ECF No. 8) should be DISMISSED.

I. Background

Maddox was convicted in the United States District Court for the Eastern District of Tennessee on eleven counts pertaining to controlled substance distribution, money laundering, unlawful possession of ammunition, witness tampering, and retaliation against an informant. *United States v. Miller*, 562 F. App'x 272 (6th Cir. 2014).

1

The United States filed a bill of information to establish two prior felony drug convictions pursuant to 21 U.S.C. § 851. *See United States v. Maddox*, 2:09-CR-045, 2019 WL 1291803, at *1 (E.D. Tenn. Mar. 20, 2019). Because of his two prior felony drug convictions, Maddox faced a minimum mandatory term of imprisonment of life in prison. *Id.* (citing 21 U.S.C. § 841(b)(1)(A)). According to the sentencing court:

> A presentence report was prepared and consistent with the enhancement, indicated Maddox faced a mandatory term of imprisonment of life. (PSR ¶ 99). Without the statutory enhancements, the report indicated he faced a guideline range of 360 months to life based on an offense level of 40 and a criminal history category of IV (PSR at ¶¶ 100). After disposing of any objections to the PSR and the § 851 notice, the Court conducted a sentencing hearing on September 26, 2011 [Id., doc. 836, Minute Entry]. The Court sentenced Defendant to a total term of imprisonment of life on counts 1, 2 and 5, and a concurrent term of 120 months imprisonment as to each of counts 3, 4, 6, 13, 16, 18, 19, and 20 [Id., Doc. 838, Judgment].

*Id.* at 2.

Maddox filed a motion to vacate his sentence under 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel and prosecutorial misconduct. *United States v. Maddox*, 2:09-CR-045, 2019 WL 1291803, at *1 (E.D. Tenn. Mar. 20, 2019). His motion was denied. *Id.*

Maddox then filed a motion to reduce his sentence and a motion for compassionate release, which were both denied. *United States v. Maddox*, 2:09-CR-045, 2020 WL 3349622 (E.D. Tenn. June 18, 2020); *United States v. Maddox*, 2:09-CR-045, 2021 WL 77219 (E.D. Tenn. Jan. 8, 2021).

Maddox filed a motion in the United States Court of Appeals for the Sixth Circuit seeking authorization to file a second or successive § 2255 petition, seeking to

raise three claims: (1) his sentence should not have been enhanced under USSG § 4B1.2, citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam); (2) the district court erred in failing to hold an evidentiary hearing on his original motion to vacate; and (3) he is entitled to a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In re: *Sunnah Maddox*, Case No. 20-5317 (6th Cir.). The Sixth Circuit denied the motion, finding that Maddox did not meet the criteria of 28 U.S.C. § 2255(h). *Id.* at ECF No. 10-1.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his

3

conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

4

Maddox challenges the length of the sentence imposed. But he does not allege that his claim is based on a retroactively applicable Supreme Court decision. Therefore, Maddox does not meet the first requirement of the savings clause.

And generally, a challenge to the validity of a sentencing enhancement cannot satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction does not warrant review under § 2241); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

## III. Conclusion

Because Maddox cannot meet the requirements of the savings clause of § 2255(e), the § 2241 Petition (ECF No. 8) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Maddox's claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 27, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE